# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| **GLENDA DURHAM,** | § | **CAUSE NO.** |
| | § | |
| **PLAINTIFF,** | § | |
| | § | **7:19-cv-00215** |
| **V.** | § | |
| | § | |
| **OIL STATES ENERGY SERVICES, L.L.C.** | § | |
| | § | |
| **DEFENDANT.** | § | **JURY DEMANDED** |

## PLAINTIFF'S COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff **GLENDA DURHAM** ("Plaintiff") files this Complaint and would respectfully show the Court as follows:

### PARTIES

1.      Plaintiff is an individual who currently resides in Montague County, Texas.

2.      Defendant **OIL STATES ENERGY SERVICES, L.L.C.** ("Defendant") is a Delaware corporation with its principal place of business in Houston, Texas.  Defendant may be served with process through its registered agent, Capitol Corporate Services, Inc., 206 E. 9th St., Suite 1300, Austin, TX 78701.

### JURISDICTION AND VENUE

3.      Pursuant to 28 U.S.C. §§ 1331 and 1343, this Court has federal question jurisdiction because the action arises under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 623(a), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3), and the Fair Labor Standards Act (FLSA), 29 U.S.C. § 203.

4.     Venue is proper in the U.S. District Court for the Western District of Texas, Midland-Odessa Division pursuant to 42 U.S.C. § 1391(b) because the unlawful practices alleged below were committed therein.

5.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims which are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution.

<u>EXHAUSTION OF ADMINISTRATIVE PROCEDURES</u>

6.     Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).  Plaintiff filed this suit within ninety (90) days of receiving a Notice of Right to Sue from the EEOC, a true and correct copy of which is attached hereto as Exhibit A.

<u>CONDITIONS PRECEDENT</u>

7.     All conditions precedent have been performed or have occurred.

**<u>FACTS</u>**

**A.     <u>Defendant hires Plaintiff as an HR Manager for its oilfield business in West Texas.</u>**

8.     Defendant is publicly traded on the New York Stock Exchange.

9.     Defendant is a leader in providing integrated rental solutions to the global oil and gas industry.

10.     Defendant hires Plaintiff to work as a Regional HR (Human Resources) Generalist, WTX/Permian Basin on April 3, 2018.

11.     Defendant hires Plaintiff to be responsible for the HR function in the WTX/Permian Basin region which included Artesia, Carlsbad, Monahans, Midland, and San Angelo.  Her job

duties include providing support for recruitment, employee relations, company policies, and regulatory requirements.

12.     Defendant's Regional HR Manager Christina Pruitt is Plaintiff's immediate supervisor.  Ms. Pruitt offices in Houston, Texas.

13.     Plaintiff is PHR certified at the time she was hired.  (Her certification is currently expired.)

14.     PHR certification, awarded by the Human Resource Certification Institute (HRCI), signifies that individuals possess the theoretical knowledge and practical experience in human resource management necessary to pass an examination demonstrating a mastery of the body of knowledge in the field.

15.     Plaintiff is sixty-one years old at the time she is hired.  Plaintiff intends to work for at least another ten years.

16.     According to Defendant's EEOC Position Statement, "In the brief four month period [Plaintiff] was employed, it became quickly evident that she did not want to follow the HR philosophy of [Defendant], nor did she want to support the Area Manager as was required in her position."

17.     This is true as Plaintiff objects to discriminatory treatment of herself and others, objects to illegal pay practices, participates in sexual harassment investigations, and opposes discriminatory practices, including sexual harassment.

18.     As a consequence, Defendant fires Plaintiff after only four months.

**B.     Defendant treats Plaintiff differently than the male managers.**

19.     From the beginning, Defendant's Area Manager Mike Lively treats her differently from male employees.

20.     For example, Defendant's Area Manager Mike Lively excludes Plaintiff from management meetings because he says he cannot talk to his managers with a woman present.

21.     Defendant's Regional HR Manager Christina Pruitt tells Plaintiff that she is underpaid for her position.

22.     Defendant does a salary review and only the men receive increases.

23.     Defendant identifies eight "similarly situated" HR Generalists in its Position Statement to the EEOC.

24.     All except one are paid more than Plaintiff.

25.     The one who is paid less than Plaintiff is the woman who replaced her.

26.     Plaintiff's replacement is approximately 30 years younger than Plaintiff and has very little HR experience.

27.     She is not PHR certified.

28.     Her annual salary is only $5,000 less than Plaintiff's salary.

**C.     Plaintiff complains about her own discriminatory treatment to management, including her boss.**

29.     Plaintiff complains to her boss, Regional HR Manager Christina Pruitt, about being treated differently because of her sex.  Defendant's Regional HR Manager Christina Pruitt tells Plaintiff to keep working with them because "we want HR at the table," or words to that effect.

30.     Plaintiff also complains directly to Defendant's Area Manager Mike Lively that he is discriminating against her.  Defendant's Area Manager Mike Lively responds that "it is what it is" or words to that effect.

**D.     Plaintiff complains about violations of the Fair Labor Standards Act.**

31.     Plaintiff complains to her boss, Defendant's Regional HR Manager Christina Pruitt, that Defendant is violating the Fair Labor Standards Act (FLSA).

32.     Plaintiff makes a complaint with the U.S. Department of Labor Wage and Hour Division regarding Defendant's noncompliance.

33.     The U.S. Department of Labor audits Defendant and finds Defendant to be out of compliance.

34.     Defendant agrees to pay back wages to a number of its employees.

**E.     Plaintiff investigates two complaints of sexual harassment.**

### Jamar Jaquez

35.     On or about July 16, 2018, a female employee whose initials are J.W. complains to Plaintiff that she is being sexually harassed by a male employee named Jamar Jaquez.  Plaintiff notifies her boss, Regional HR Manager Christina Pruitt, about the complaint.  Plaintiff and Pruitt discuss that the yard gate code needs to be changed to protect the female employee.

36.     Defendant's Regional HR Manager Christina Pruitt directs Plaintiff to interview Jamar Jaquez at a separate site.  Plaintiff interviews Jaquez and reports to Defendant's Regional HR Manager Christina Pruitt that he has admitted the allegations.

37.     Defendant's Regional HR Manager Christina Pruitt directs Plaintiff to put Jamar Jaquez on administrative leave and terminate his employment the next morning.

38.     Plaintiff briefs Area Manager Mike Lively and District Manager Jamie Juarez in a call on July 17, 2018.  Changing the gate code was discussed with no objections.

39.     The next day, Area Manager Mike Lively calls Plaintiff to inform her that the Carlsbad Police Department is looking for Jamar Jaquez.  He compliments her on the way the situation was handled with Jaquez.

40.     Within a few days, the Carlsbad Police arrests the alleged harasser Jamar Jaquez. It is reported in the media that Jaquez was accused of harassing and exposing himself to several women.

### Clint Hall

41.     Plaintiff is also investigating a complaint made by a female employee against District Manager Clint Hall.  Area Manager Mike Lively and Clint Hall are very close – almost like brothers.

42.     Defendant's Area Manager Mike Lively impedes the investigation by firing Plaintiff.

43.     Defendant tells the EEOC that Area Manager Mike Lively was never involved in the investigation, therefore, he could not have impeded it.  However, thirty minutes before he fires her, Plaintiff overhears Defendant's Area Manager Mike Lively bragging about the fact that he is going to fire her.

**F.      Defendant terminates Plaintiff for changing the gate code to protect a sexual harassment victim.**

44.     Defendant terminates Plaintiff on August 9, 2018.  The reason given for the termination is that Plaintiff authorized a change in the gate code to exclude the alleged harasser Jamar Jaquez, even though changing the gate code had been approved.

45.     Defendant replaces Plaintiff with a woman who is approximately thirty years younger than Plaintiff.  The replacement has less experience than Plaintiff.

**G.      Plaintiff is forced to relocate and change industries to support herself.**

46.     Plaintiff attempted to find another position in the HR field in the Permian Basin. One prospective employer told her that Christina Pruitt gave her a positive reference.  However,

after Defendant was audited by the U.S. Department of Labor, Pruitt declined to give a reference to another prospective employer.

47.     The failure to give a reference is equivalent to a bad reference to many employers, particularly in the HR community.

48.     The fact that Plaintiff had been fired made it more difficult for her to find work.

49.     Defendant's actions essentially blackballed Plaintiff.

50.     Plaintiff relocated to Bowie, Texas, and is presently working at a private correctional facility, where she supervises educational (GED) services for inmates.  While Plaintiff is a licensed principal and has previous experience in the correctional industry, the job is highly stressful and requires working behind bars with criminals.

## SAME ACTOR INFERENCE

51.     Defendant may attempt to argue that Plaintiff was not discriminated against on the basis of her sex and/or age because she was a 61-year-old female when she was hired, and she was fired merely four months later.  However, material fact questions exist regarding whether Plaintiff was hired and fired by the same actor.

## COUNT ONE-TITLE VII-SEX DISCRIMINATION

52.     Plaintiff incorporates by reference and re-alleges all of the foregoing and further alleges as follows:

53.     Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely she is female.  *See* 42 U.S.C. §2000e-5(f).

54.     Defendant is an employer within the meaning of Title VII.  *See* 42 U.S.C. §2000e(b).

55.     Defendant intentionally discriminated against Plaintiff by treating her differently, paying her less than male employees, and terminating her employment because of sex.

56.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages.  Defendant's conduct was willful and justifies an award of punitive damages.

57.     To the extent that Defendant contends that Plaintiff was fired for a legitimate non-discriminatory reason, said reason is a mere pretext for discrimination.  Alternatively, the reason(s) given for Plaintiff's termination, while true are only some of the reasons, and Plaintiff's sex was a motivating factor in the decision to terminate her employment.  In other words, Defendant had mixed motives for Plaintiff's termination.

## COUNT TWO-TITLE VII-RETALIATION

58.     Plaintiff incorporates by reference and re-alleges all of the foregoing and further alleges as follows:

59.     Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely she is female.  *See* 42 U.S.C. §2000e-5(f).

60.     Defendant is an employer within the meaning of Title VII.  *See* 42 U.S.C. §2000e(b).

61.     Plaintiff engaged in protected activity when she opposed unlawful discrimination by investigating the sexual harassment complaints of other women and taking steps to protect them from the alleged harassers.

62.     Defendant intentionally retaliate against Plaintiff by terminating her because she engaged in protected activity.  In other words, there is a causal connection between Plaintiff's protected activity and her termination.  Plaintiff would not have been terminated but for her protected activity.

63.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages.  Defendant's conduct was willful and justifies an award of punitive damages.

64.     To the extent that Defendant contends that Plaintiff was fired for a legitimate non-discriminatory reason, said reason is a mere pretext for discrimination.  Alternatively, the reason(s) given for Plaintiff's termination, while true are only some of the reasons, and Plaintiff's sex was a motivating factor in the decision to terminate her employment.  In other words, Defendant had mixed motives for Plaintiff's termination.

COUNT THREE – AGE DISCRIMINATION (ADEA)

65.     Plaintiff incorporates by reference all of the foregoing and further alleges as follows:

66.     Plaintiff is an employee within the meaning of the Age Discrimination in Employment Act of 1967 (ADEA).  *See* 29 U.S.C. §630(f).

67.     Defendant is an employer within the meaning of the ADEA.  *See* 29 U.S.C. §630(b).  Plaintiff is a qualified individual with at least 40 years of age as defined by the ADEA.  *See* 29 U.S.C. §631(a).

68.     To the extent that Defendant offers Plaintiff's performance as the reason for her termination, such reason is a pretext for discrimination.  Plaintiff would not have suffered adverse employment action "but for" her age.

69.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages.  Defendant's conduct was willful and justifies an award of liquidated damages.

COUNT FOUR – AGE DISCRIMINATION<br>CHAPTER 21 OF THE TEXAS LABOR CODE

70.     Plaintiff incorporates by reference all of the foregoing and further alleges as follows:

71.     Plaintiff is an employee within the meaning of Texas Labor Code §21.002(7) and belongs to the class of employees protected under the statute, namely employees over the age of 40.  *See* Texas Labor Code §21.101.

72.     Defendant is an employer within the meaning of the Texas Labor Code §21.002(8).

73.     Defendant intentionally discriminated against Plaintiff because of her age in violation of the Texas Labor Code by terminating her employment.

74.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages.

75.     Defendant's conduct was willful and justifies an award of punitive damages.

<u>COUNT FIVE – RETALIATION UNDER THE FLSA</u>

76.     Plaintiff engaged in protected activity when she (1) objected to Defendant's pay practices that violated the Fair Labor Standards Act; (2) reported Defendant's illegal practices to the U.S. Department of Labor Wage and Hour Division.

77.     Defendant intentionally retaliated against Plaintiff when it terminated her because she engaged in protected activity.

78.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages.

79.     Defendant's conduct was willful and justifies an award of liquidated damages.

<u>COUNT SIX-EQUAL PAY ACT</u>

80.     Defendant is an employer within the meaning of the Equal Pay Act. *See* 29 U.S.C. §203(d).

81.     Plaintiff performed work in a position requiring equal skill, effort, and responsibility under similar working conditions.

82.     Plaintiff was paid less than members of the opposite sex and thereby suffered damages.

83.     Defendant's violation was willful and justifies an award of liquidated damages.

## DAMAGES

84.     Plaintiff was discharged from employment by Defendant.  Although she has diligently sought other employment, she was unemployed for a time, worked for a time for substantially less than she was making while working for Defendant, and ultimately had to relocate and change industries to support herself.

85.     Plaintiff has incurred expenses in seeking other employment and relocating. Plaintiff suffered damage to her pension or retirement benefits.

86.     Plaintiff seeks compensation for all back pay and lost wages and benefits, including loss of Social Security benefits.

87.     Reinstatement to Plaintiff's previous position is impractical and unworkable. Therefore, Plaintiff seeks an award of front pay and future lost wages and benefits.

88.     Plaintiff suffered and seeks damages for pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

89.     Plaintiff is entitled to liquidated damages under the ADEA and FLSA and/or punitive damages under Chapter 21 of the Texas Labor Code because Defendants' actions were willful and/or deliberately indifferent to Plaintiff's federally protected rights.

## ATTORNEY'S FEES

90.     Plaintiff was forced to engage counsel to protect her rights.  Plaintiff is entitled to an award of reasonable and necessary attorneys' fees and costs (including, but not limited to, an

award of reasonable expert witness fees), both trial and appellate, under Title VII, 42 U.S.C. §2000e-5(k), the ADEA and the FLSA, 29 U.S.C. § 216(b), and and/or Texas Labor Code §21.259.

<u>INTEREST</u>

91.     Plaintiff is entitled to prejudgment and post judgment interest at the highest lawful rate.

<u>JURY TRIAL DEMAND</u>

92.     Plaintiff demands a jury trial.

<u>PRAYER</u>

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant for the following:

a.  Compensatory and punitive damages;

b.  Backpay and front pay;

c.  Attorneys' fees and costs;

d.  Liquidated damages;

e.  Prejudgment and post-judgment interest;

f.  Such other and further relief, at law or in equity, to which Plaintiff may show herself justly and lawfully entitled.

Respectfully submitted,


By:  /s/ Holly B. Williams
                Holly B. Williams
                Texas Bar No. 00788674

**WILLIAMS LAW FIRM, P. C.**
1209 W Texas Ave
Midland, TX 79701-6173
432-682-7800
432-682-1112 (fax)
holly@williamslawpc.com

**ATTORNEY FOR PLAINTIFF**
**GLENDA DURHAM**

**EXHIBIT A**

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: Glenda K. Durham<br>1306 Jakarta Street<br>Bowie, TX 76230 | From: El Paso Area Office<br>100 N. Stanton St.<br>6th Floor, Suite 600<br>El Paso, TX 79901 |
|---|---|

| [ ] | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **453-2018-01698** | **Al P. Valdez,**<br>**Investigator** | **(915) 534-4199** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ X ] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[ X ] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ X ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Lucy V. Orta*

Lucy V. Orta,
**Area Office Director**

JUN 1 0 2019
*(Date Mailed)*

Enclosures(s)

cc:

| Jeff Steen<br>VP of HR and Legal Dept.<br>OIL STATES ENERGY SERVICES<br>333 Clay Street Suite 4620<br>Houston, TX 77002 | Holly B. Williams<br>WILLIAMS LAW FIRM<br>1209 W. Texas Ave.<br>Midland, TX 79701 |
|---|---|

RECEIVED
JUN 1 3 2019
BY:

Enclosure with EEOC